UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ray Anthony Kelly, # 08-6647, *aka Ray Kelly*,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Officer Derrick Canada, (0212) City of Spartanburg Police Department, and<br>Officer Jeffrey S. Campbell, (0259) City of Spartanburg Police Department,<br><br>　　　　　　　　　　Defendants. | ) C/A No. 8:09-1271-RBH-BHH<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This is a civil action filed *pro se* by a county detention center inmate.[1] Plaintiff is currently incarcerated at the Spartanburg County Detention Center, apparently awaiting trial on un-disclosed criminal charges. In the Complaint filed in this case, Plaintiff seeks dismissal of the charges currently pending against him, expunction of those charges from his criminal record, and release from detention, claiming that the charges pending against him were brought "under false pretenses." He claims that Defendants, both of whom are law enforcement officials involved in the investigation and filing of the charges against him, did not do a full investigation into the allegations of witnesses and victims against him and did not take statements from other persons who should have been deemed witnesses.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v.*

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

*Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's requests for dismissal of pending charges, expunction, and release from confinement on the charges are all barred from consideration by this Court by the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. *Younger* and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See, e.g., Younger*, 401 U.S. at 44; *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n.8 (1873)[2] ; *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). What Plaintiff is asking this Court to do when he asks us to order dismissal of charges and release from

---

[2] Although the Supreme Court of the United States has not overruled *Taylor v. Taintor*, an unrelated portion of the decision in *Taylor v. Taintor*, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See Green v. State*, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas.").

confinement is to, essentially, overrule the state of South Carolina criminal court that has ordered him held for trial on those charges. In other words, he asks this Court to interfere with the ongoing state court process currently pending against him. He does not say whether or not his complaints about the way in which the involved law enforcement officers conducted their investigation have been made to the state court where his criminal charges are pending; however, that court is certainly capable of considering and ruling on the claims he makes to this Court.

In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.*; *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 (4th Cir. 1969)(federal courts may not issue writs of mandamus against state courts); *Craigo v. Hey*, 624 F. Supp. 414 (S.D.W. Va. 1985) (same). As indicated in the cases cited above, Plaintiff is not foreclosed from raising what appear to be primarily Fourth and Fourteenth Amendment violation claims (improper arrest and/or search warrants) and having them ruled on in his on-going state criminal prosecution by the state court judge. This Court cannot remove the authority to rule on such an objection from the judge who is actually in control on Plaintiff's state criminal case. Also, to grant the injunctive relief Plaintiff

seeks: release from incarceration and confinement and expunction of his record, this Court would be required to enjoin the state prosecution, and, as stated above, this is not something we can do under *Younger*, *Cinema Blue*, and *Bonner*.[3]

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.  See *Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

May 28, 2009
Greenville, South Carolina

---

[3] Since Plaintiff cannot be released from jail by this Court, there is no valid basis for the Court to order any "restitution or reimbursement for the time [he has] spent incarcerated" as also requested.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).