IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ray Anthony Kelly, ) | C.A. No. 8:09-cv-1271-RBH-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Officer Derrick Canada, City of Spartanburg ) | |
| Police Department; and Officer Jeffrey S. ) | |
| Campbell, City of Spartanburg Police Department, ) | |
| ) | |
| Defendants. ) | |
| ) | |

*Pro se* plaintiff Ray Anthony Kelly ("Plaintiff"), brought this civil action pursuant to 42 U.S.C. § 1983 on May 19, 2009. (Doc. # 1.) Plaintiff also moved for leave to proceed *in forma pauperis*. (Doc. # 2.) This matter was referred to United States Magistrate Judge Bruce Howe Hendricks pursuant to 28 U.S.C. § 636(b) and Civil Rule 73.02(B) (D.S.C.). On May 28, 2009, Magistrate Judge Hendricks granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. # 7.) In accordance with this same statute, Magistrate Judge Hendricks reviewed Plaintiff's complaint *sua sponte* under the provisions found in Section (e), and filed a Report and Recommendation (the "Report"). (Doc. # 8.)

This matter now comes before this Court for review of the Report. In the Report, the Magistrate Judge recommends that the District Court dismiss the Plaintiff's claims under the *Younger* Abstention Doctrine. *Id.*

On June 9, 2009, the Plaintiff filed objections to the Report (the "Objections"). (Doc. # 9.) Thereafter, the Court reviewed the Report and the Plaintiff's Objections. In conducting this review,

1

the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Plaintiff's Complaint alleges potential Fourth and Fourteenth Amendment violations against the Defendants for failure to make a proper arrest. (Doc. # 1.) Specifically, the Plaintiff alleges that the Defendants "did not gather or seek all witness statements,...neglected to do follow up investigations of 'alleged' victims and witnesses...[and] issued [warrants] under false pretenses." *Id.* Plaintiff seeks to have all his charges dropped, his record expunged, and "some restitution or reimbursement for the time I have spent incarcerated." *Id.*

Because the Plaintiff is currently awaiting trial on the vary charges that he alleges violated his constitutional rights, the Magistrate concluded, *intra alia*, that the Plaintiff's claims were barred from consideration under *Younger v. Harris*, 401 U.S. 37 (1971.) The *Younger* doctrine provides that absent extraordinary circumstances, federal courts should abstain from interfering in pending state proceedings. *E.g. Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 54.(4th Cir. 1989.) (Doc. # 8.)

The Plaintiff filed objections to the Magistrate Judge's findings and requested that "the Court perverse my rights to trial on a further date." He further states that, "Under case law that has been

presented before me it is my understanding [that] my current case must be resolved within State court."(Doc. # 9.)

The Court has carefully reviewed the Plaintiff's Objections, and concurs with the Magistrate's recommendations. Therefore, in light of the standard set forth in *Wallace*, and a *de novo* review of the Report and the Objections, the Court **ADOPTS** the Report, (Doc. # 8), and **DISMISSES** Plaintiff's Complaint without prejudice and without issuance of service of process.

**IT IS SO ORDERED**.

                                                       S/R. Bryan Harwell
                                                      United States District Judge

July 24, 2009
Florence, South Carolina